**STATE, ex rel. DEPARTMENT OF HIGHWAYS, Plaintiff, v. BALTIMORE AND OHIO RAILROAD COMPANY, Defendant.**

Common Pleas Court, Muskingum County.

No. 37446.  Filed November 26, 1952.

C. William O'Neill, Atty. Genl., Columbus, Hugh E. Kirkwood, Jr., Asst. Atty. Genl., for plaintiff.

Graham, Graham, Hollingsworth, Gottlieb & Johnston, Zanesville, for defendant.

## OPINION

By CROSSLAND, J:—

Pursuant to the pleadings, amended petition, amended answer thereto, and reply to the amended answer, and the issues thereby made of plaintiff's claim for $7,918.09 and 6% interest thereon from October 1, 1950, and the Agreed Statement of Facts, the cause was submitted to the Court.

The pleadings and the agreed statement show that after present State Highway No. 666 was originally laid out, defendant's predecessor in title acquired land for the railroad, and that the overhead bridge or trestle was thereafter constructed, but that before the railroad land was acquired the present highway underpass was a forded ravine or run, and

"that no part of the expenditure by the State had anything to do with supporting and maintaining the abutments to the bridge."

The provision of law relied upon by the State in requesting defendant railroad company to do certain work necessary to maintain traffic on the already previously existing highway beneath the trestle and then itself doing the job when defendant refused in 1947, and seeking to recover from defendant therefor, is the last paragraph of §1182-20 GC.

It will be noted that such provision specifically eliminates all defined separated crossings as set forth in said section, in the act and in other code sections, and by such excepted exclusions leaves no other specifically indentifiable and defined separated crossings at which a railroad company is required to maintain the highway.

The language "whether at grade or otherwise" could hardly have been intended to include or mean what the legislature so plainly denominated "separated crossings" when it specifically otherwise provided for all situations of "separated crossings" and called them "separated crossings," not "or otherwise."

But if "or otherwise" is the same as "separated crossings," it is further particularly and specifically provided that the required maintenance shall be of crossings and approaches thereto "across its tracks," not "beneath its tracks" or "under its tracks," but "across" or over, its tracks.

Furthermore, both §§6956-34 and 8879 GC are declaratory of the plain and positive intention of the legislature "when the public way passes under a railroad," to require in such instance that "the public way and its approaches shall be maintained and kept in repair by the county in which they are situated or by the State of Ohio as may be provided by law;" and §1182-18 GC is of similar import.

The situation referred to and dealt with in the 1927 A. G. Opinions, page 1273, concerned the reconstruction of a bridge carrying the public highway over the tracks of the railroad company and where the highway was laid out and opened after the construction of the railroad. This was an altogether different kind of situation. The bridge supporting the overhead highway was made necessary by reason of the pre-existing railroad track beneath, in order to have and maintain a separated crossing. In this case the railroad constructed and already fully maintains the overhead bridge supporting its railway tracks and no overhead structural highway maintenance is required. Since the explicit requirement upon the railroad in the instant situation is to keep and maintain "the bridge and its abutments," which was all that was re-

quired of the Pennsylvania Railroad in the Caldwell situation of the Attorney General's opinion and which the State's expenditure had nothing to do with herein, this defendant, The Baltimore and Ohio Railway Company, is manifestly unobligated..

There is no statutory authority for the plaintiff's claim and there could be none constitutionally, as the railroad in this case is not and could not be served or benefited in any manner whatever and owes no special duty of its own to maintain a highway underpass, which is wholly unaffected by its over head crossing, so long as the bridge and its abutments supporting such crossing are properly kept and maintained.

Accordingly, the Court finds upon the issues and facts for the defendant and against the plaintiff and the plaintiff's amended petition is dismissed at the plaintiff's costs, with exceptions to plaintiff.

Journal Entry may be prepared by defendant counsel embodying the foregoing facts and conclusions and judgment for the defendant, submitted to plaintiff counsel for approval and then to the Court for its approval for filing.